UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY JOSEPH DAVIS,

    Plaintiff,

v.                                  Case No. 5:25-cv-146-TKW-MJF

SEVEN SIPE, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The undersigned recommends that the District Court dismiss this case as malicious under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i), because Plaintiff abused the judicial process by failing to disclose his litigation history completely and honestly.

### I. BACKGROUND

Anthony Joseph Davis is a pretrial detainee confined in the Bay County Jail. Davis's Bay County Jail Inmate Number is 1091616. *See* Docs. 1, 2. Davis is suing five officials with the Bay County Sheriff's Office: Deputy Seven Sipe, Deputy Jesse Williams, Deputy Christian Williams, Deputy John Daffin, and Jail Warden Rick Anglin. Davis also

names as Defendants "Bay County Jail Medical Staff" and "Bay County Jail Intake Staff." Doc. 1 at 2-5.

Davis alleges that on January 2, 2025, Deputy Sipe used excessive force on Plaintiff while arresting Plaintiff for burglary with battery. Davis alleges that Sipe covered up the use of force by: (1) charging Davis with battery of a law enforcement officer, (2) reporting to jail dispatch that Plaintiff was combative; and (3) hiding the excessive force in Sipe's use of force report. Davis alleges that Deputies Jesse Williams, Christian Williams, and Daffin failed to review Sipe's body camera footage during their investigation of the use of force, and failed to discipline Sipe. Plaintiff alleges that Anglin allowed the Bay County Jail intake staff and medical staff to refuse medical treatment for Plaintiff's injuries. *Id*. at 7-10. Plaintiff is seeking compensatory and punitive damages in Defendants' individual and official capacities.

## II. DISCUSSION

### A. Screening of Davis's Complaint

Under the Prison Litigation Reform Act of 1995 ("PLRA"), federal courts are required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief

may be granted. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). Federal courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious" under § 1915A(b)(1). *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . . .").

**B.   Davis's Responses to Questions on the Complaint Form**

Davis provided answers to Section VIII of the civil rights complaint form which requires Davis to disclose his litigation history. Doc. 1 at 11-15. The complaint form asks three questions:

> A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?
>
> B. Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issue involved in this case?
>
> C. Have you filed any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 12-13. Additionally, the complaint form instructs that if the answer is "yes" to any of these questions, then the plaintiff must disclose all responsive cases. *Id.*

Davis responded "No" to question VIII(A) of the complaint form. *Id.* at 12. Davis responded "Yes" to Questions VIII(B) and (C), and disclosed three cases he filed in state court seeking dismissal of his pending criminal charges. *Id.* at 13-14. At the end of the civil rights complaint form, Davis signed his name after certifying: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id.* at 15-16. Thus, Davis has in effect stated that at the time he filed this lawsuit, he had not filed any other case in federal court that (1) was dismissed prior to service; or (2) related to the conditions of Davis's confinement.

## C. Davis's Omission

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that at the time Davis filed his complaint in this case on June 16, 2025, he had filed *at least* one prior case that required disclosure. On April 14, 2025, Davis filed a civil-rights lawsuit in the Northern District of Florida against Bay County Sheriff Tommy Ford, complaining about the conditions of his confinement at the Jail. *See Davis v. Ford*, No. 5:25-cv-00089-MCR-MJF (N.D. Fla. Apr. 14, 2025). Specifically, Davis claimed that the Jail's online visitation system, the food, and the lack of a grievance system violated Davis's constitutional rights. The District Court dismissed the case on April 24, 2025, because Davis violated Local Rule 5.3 by failing to pay the filing fee or move for leave to proceed *in forma pauperis* at the time he filed his complaint. *See Davis*, No. 5:25-cv-00089-MCR-MJF (N.D. Fla. Apr. 24, 2025). The prior case is attributable to Davis because it bears his Bay County Jail Inmate Number (1091616).

The prior case was responsive to Questions VIII(A) and (C) on the complaint form, because the prior case (1) was related to the conditions of Davis's confinement, and (2) was dismissed prior to service. Davis did

not disclose the prior case in his complaint here. Doc. 1. Davis's failure to disclose Case No. 5:25-cv-00089-MCR-MJF violates Davis's duty of candor to this court.

**D.     The Materiality of Davis's Omission**

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969. "Every lawsuit filed, no matter how frivolous or repetitious, requires the investment of court time . . . ." *Procup v. Strickland*, 792 F.2d 1069, 1072 (11th Cir. 1986) (per curiam).

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Similarly, courts have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.* 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine the plaintiff's litigation experience and familiarity with the legal terrain. The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable.

Here, Davis falsely responded to two questions on the complaint form as detailed above. Davis knew from reading the complaint form that disclosure of all prior cases was required, and that the penalty for failing to disclose his prior litigation was dismissal of this case. The complaint form expressly warns prisoners:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution of you are uncertain whether a case should be identified.***

Doc. 1 at 11.

There is no excuse for Davis's failure to respond truthfully to the questions on the complaint form. The questions are straightforward and easily understandable. *Kendrick*, 2022 WL 2388425, at *2-3 (rejecting prisoner's argument that omission of cases was not malicious because he was confused by question on form and omission was harmless; complaint form clearly required disclosure). A penalty is warranted both to deter Davis from such conduct and to deter others from similar misrepresentations and material omissions.

**E.     The Appropriate Sanction Is Dismissal Without Prejudice**

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013); *Burrell*, 857 F. App'x at 625. The court should not allow Davis's false responses to go unpunished. *See Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources.").

If Davis suffered no penalty for his untruthful responses, there would be little or no disincentive for Davis's attempt to evade or undermine the purpose of the form. An appropriate sanction for Davis's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice. *See Rivera*, 144 F.3d at 731; *see also, e.g., Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case for abuse of the judicial process after the plaintiff failed to disclose a prior case; noting that the case fell "squarely within the complaint form's

disclosure requirements"); *Reynolds v. Lowery*, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) ("[T]he district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Lebarr v. Fla. Dep't of Corr.*, 2022 WL 2438357, at *1 (N.D. Fla. July 5, 2022) (citing multiple cases supporting this proposition).

No lesser sanction would suffice to deter this type of conduct. For example, providing Davis an opportunity to amend the complaint to truthfully disclose his prior litigation would equate to overlooking his abuse of the judicial process, because that course of action would entail no penalty. *See Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (rejecting prisoner's argument that it was an abuse of discretion to dismiss case without allowing him "to correct" his omissions by disclosing his litigation history; record showed that prisoner "affirmatively misrepresented the facts" by failing to disclose prior cases and that he "knew, or from reading the Complaint form should have known, that disclosure of the relevant prior actions was required"); *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006) ("[T]he district court was correct to conclude that to allow [the plaintiff] to then acknowledge what he

should have disclosed earlier would serve to overlook his abuse of the judicial process.").

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this civil action **without prejudice** as malicious under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b), because Plaintiff abused the judicial process in failing to disclose his litigation history completely and honestly.

2. **DIRECT** the clerk of the court to enter judgment accordingly and close this case file.

At Pensacola, Florida, this 20th day of June, 2025.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters.** *See* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's</u>**

**internal use only.** **A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**