UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY JOSEPH DAVIS,

    Plaintiff,

v.                                                          Case No.  5:25-cv-146-TKW-MJF

SEVEN SIPE, et al.,

    Defendants.
_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 5) and Plaintiff's objection (Doc. 6).  Upon de novo review of the issues raised in the objection under 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court agrees with the magistrate judge's determination that this case should be dismissed as malicious because Plaintiff abused the judicial process by failing to disclose his litigation history completely and honestly. *See Burrell v. Warden*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process.").

The Court did not overlook Plaintiff's argument that the omitted case identified by the magistrate judge is not responsive to the litigation history questions in the civil rights complaint form because (1) that case was dismissed for failure to pay the filing fee, not as frivolous, malicious, or for failure to state a claim, and (2) it was not related to the issues raised in this case. That argument is meritless. With respect to the first point, Question A in the litigation history section also required Plaintiff to list cases that were dismissed "prior to service" and the dismissal of the omitted case for failure to pay the filing fee occurred before the defendants were served. And, with respect to the second point, Question C did not require the prior case to be related to the issues raised in the current case, but rather related to "the conditions of [the inmate's] confinement," and the omitted case was plainly related to the conditions of Plaintiff's confinement because it raised issues with the jail visitation system, food, and grievance process.

The Court also did not overlook Plaintiff's argument that his failure to list the case identified by the magistrate judge does not amount to an abuse of the judicial process because he listed several other cases in response to the litigation history questions. However, the fact that Plaintiff listed *some* of his prior cases does not excuse his failure to list *all* of his prior cases, nor does it change the fact that Plaintiff falsely certified the accuracy of his responses to the questions in the civil rights complaint form.

Finally, the Court did not overlook Plaintiff's request that he be allowed amend the complaint to include the omitted case. That request will be denied because "allowing Plaintiff to amend his complaint at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form." *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020).

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. This case is **DISMISSED without prejudice** under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b) as malicious for Plaintiff's abuse of the judicial process.

3. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE AND ORDERED** this 7th day of July, 2025.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**